DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ACE INSURANCE COMPANY OF PUERTO RICO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 2015-0052<br>) |
| NOLASCO COMMUNICATIONS, INC., | )<br>) |
| Defendant. | )<br>) |

**Attorneys:**
**Andrew C. Simpson**
St. Croix, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff ACE Insurance Company of Puerto Rico's ("ACE") Motion for Confirmation of Arbitration Award ("Motion"). (Dkt. No. 6). For the reasons discussed below, the Court will grant ACE's Motion.

### I.    BACKGROUND

ACE is a Puerto Rican insurance provider with its principal place of business in Puerto Rico. Defendant Nolasco Communications, Inc. ("Nolasco") is a U.S. Virgin Islands corporation with its principal place of business in St. Thomas, U.S. Virgin Islands.

On November 1, 2011, Nolasco entered into a contract with Bonneville Group Virgin Islands Corporation ("Bonneville"). (Dkt. No. 1-1 at ¶¶ 1, 10).[1] Under the terms of the contract,

---

[1] The factual background provided here is based on information from ACE's Application to Confirm Arbitration Award (Dkt. No. 1), ACE's Memorandum in Support of its Motion (Dkt. No. 7), and the Final Award issued by the American Arbitration Association's Construction Industry

Nolasco would perform "certain subcontracting services relating to the installation of telecommunications cabling in the United States Virgin Islands" for Bonneville. *Id.* at ¶ 1. The contract included a clause requiring Nolasco to defend Bonneville against legal claims and indemnify Bonneville for any expenses arising out of liabilities incurred by Nolasco or its subcontractors in connection with its performance of the contract. *Id.* at ¶ 2. An individual injured by a falling cable at a worksite later brought claims against both Bonneville and Nolasco in the Superior Court of the Virgin Islands ("Superior Court"). *Id.* at ¶ 3; *Hodge v. Virgin Islands Tel. Corp.*, 2014 WL 1508493, *1 (V.I. Super. Apr. 11, 2014). After the Superior Court action commenced, Nolasco notified Bonneville that it was withdrawing its agreement to defend Bonneville against legal claims. (Dkt. No. 1-1 at ¶ 6). As Bonneville's insurer, ACE paid $2,500,000 as part of a settlement agreement in the Superior Court case. *Id.* at ¶ 5. ACE claimed that it paid the $2,500,000 on behalf of Nolasco. *Id.* ACE, as a subrogee to Nolasco's contract with Bonneville, then sought indemnification from Nolasco for the settlement payment plus legal fees and costs. *Id.* at ¶ 7.

Pursuant to the contract between Bonneville and Nolasco, the issue of Nolasco's obligation to indemnify ACE was submitted to an American Arbitration Association ("AAA") Construction Industry Arbitration Tribunal ("CIAT") panel. *Id.* at ¶ 10. The CIAT panel found that the Superior Court suit had "triggered Nolasco's obligation to indemnify Bonneville, including a duty to pay

---

Arbitration Tribunal on July 2, 2015 in case number 01-14-0001-5614 (Dkt. No. 1-1). As discussed below, the Court entered default against Nolasco in this case after Nolasco failed to appear. As such, with the exception of the issue of damages, the Court treats the facts alleged by ACE in its pleadings as admitted. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009) ("[D]efaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought.") (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

for the defense of Bonneville." *Id.* at ¶ 13. The CIAT panel rejected Nolasco's defenses and determined that ACE, as Bonneville's subrogee, sustained its burden of proof with respect to the issues of Nolasco's duty to indemnify, its breach of that duty, ACE's monetary injury as a result of the breach, and the amount of monetary damages. *Id.* at ¶¶ 14-16. Accordingly, the CIAT panel awarded ACE a total of $2,645,782.93—representing compensatory damages, including legal fees, from the Superior Court litigation, pre-award interest, and CIAT administrative fees—to be recovered from Nolasco. *Id.* at 4-5.

Following the issuance of the CIAT panel's award, ACE filed an "Application to Confirm Arbitration Award" ("Application") with this Court, requesting that the award "be confirmed and that judgment be entered in favor of ACE and against [] Nolasco . . . in the amount of $2,645,782.92 plus post-judgment interest at the rate set in accordance with 28 U.S.C. § 1961." (Dkt. No. 1 at 3). Nolasco's agent for service of process, Floyd Ackley, was served with a summons on October 10, 2015. (Dkt. No. 4). Following Nolasco's failure to appear, ACE filed a motion for entry of default against Nolasco on November 11, 2015. (Dkt. No. 5). ACE then filed the instant Motion, in which it again requested that judgment be entered in its favor and asserted that "[t]he arbitration award is now final, as Nolasco did not seek to vacate, modify or correct the award within three months of the delivery of the award" as permitted by 9 U.S.C. § 12. (Dkt. No. 7 at 2).

On November 25, 2015, Nolasco filed a "*pro se*" motion requesting an extension of time to respond to the Application. (Dkt. No. 10). In its Order responding to Nolasco's request for an extension of time, the Court informed Nolasco that under Rule 82.1 of the Local Rules of Civil Procedure, Nolasco—as a corporation—was not permitted to appear *pro se*. (Dkt. No. 11 at 1). The Court nonetheless granted Nolasco until December 31, 2015 to hire counsel and file an appearance. *Id.*

3

Nolasco failed to appear in this case by the December 31, 2015 deadline set by the Court. It then filed another "*pro se*" motion for extension of time to respond to the Application, which ACE opposed. (Dkt. No. 13; Dkt. No. 14). ACE also filed a second motion for entry of default against Nolasco. (Dkt. No. 12). The Court—reiterating that Nolasco was not permitted to appear *pro se* and noting that it had "allowed [Nolasco] ample time to retain counsel and file an answer or otherwise respond"—denied Nolasco's motion and entered default against Nolasco. (Dkt. No. 15). The only remaining issue in this action is ACE's instant Motion requesting confirmation of the CIAT panel's arbitration award and an entry of judgment against Nolasco.

## II. DISCUSSION

ACE seeks confirmation of the CIAT panel's arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Because the FAA "does not create any independent federal-question jurisdiction," the Court must determine as an initial matter whether it has jurisdiction to confirm the award. *Smith v. Denver Food Sys., Inc.*, 1994 WL 551561, at *4 (E.D. Pa. Oct. 5, 1994) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n. 32 (1983)) (quotations omitted); *see also Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005) ("The [FAA] does not confer subject matter jurisdiction . . . nor does it create independent federal question jurisdiction. . . Independent grounds for subject matter jurisdiction must be demonstrated.") (citations omitted).

### A. Jurisdiction

ACE submits that the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. (Dkt. No. 7 at 3). A district court has diversity jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different states . . . ." 28 U.S.C. § 1332. "[A] corporation is a citizen of both its state of incorporation and

the state 'where it has its principal place of business.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013) (quoting 28 U.S.C. § 1332(c)(1)). ACE asserts that it is a Puerto Rican corporation with its principal place of business in Puerto Rico, while Nolasco is a U.S. Virgin Islands corporation with its principal place of business in St. Thomas. (Dkt. No. 7 at 3).[2] The amount in controversy—$2,645,782.93—exceeds the jurisdictional requirement. As such, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

B.   **Confirmation of the Arbitration Award**

The FAA establishes that "at any time within one year after [an arbitration] award is made any party to the arbitration may apply [to an appropriate court] . . . for an order confirming the award . . . ." 9 U.S.C. § 9.[3] A district court's "review of the underlying arbitration award is 'extremely deferential.'" *Anoruo v. Tenet HealthSystem Hahnemann*, 697 F. App'x 110, 111 (3d Cir. 2017) (quoting *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003)). The FAA provides "narrow and exclusive" bases for vacating an award. *Id.* (citing *Hall St. Assocs. LLC v. Mattel*,

---

[2] For purposes of diversity jurisdiction, both the U.S. Virgin Islands and Puerto Rico are considered "states." 28 U.S.C. § 1332(e).

[3] The FAA further provides that where the agreement of the parties does not specify which court will confirm an arbitration award, a party may apply "to the United States court in and for the district within which such award was made" for confirmation of the award. 9 U.S.C. § 9. The Supreme Court has determined that the venue provisions of the FAA are permissive, and that an arbitration award may be confirmed either in the district "where the award was made or in any district proper under the general venue statute." *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000). ACE asserts that, "[a]lthough the arbitration was conducted telephonically, the locus of the arbitration was St. Croix," and thus "the award was made in St. Croix." (Dkt. No. 1 at ¶ 5; Dkt. No. 7 at 3). The Court further notes that venue is proper under the general venue statute because Nolasco is a resident of the U.S. Virgin Islands for purposes of venue. *See* 28 U.S.C. §§ 1391(b) and (c) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . For all venue purposes . . . an entity with the capacity to sue and be sued . . . whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .").

5

*Inc.*, 552 U.S. 576, 586-87 (2008)). "[A] court must confirm an arbitration award unless: (1) it was procured by corruption, fraud, or undue means; (2) the arbitrators demonstrated partiality or corruption; (3) they were guilty of misconduct; or (4) they exceeded their powers." *Id.* (citing 9 U.S.C. §§ 9, 10(a)(1)-(4)). As such, confirmation of an arbitration award "ordinarily is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) (internal quotations omitted)).

In the instant case, the CIAT panel made its award on July 2, 2015. (Dkt. No. 1-1 at 6). ACE filed its Application for confirmation of the award with the Court on August 15, 2015—within the one year period established by 9 U.S.C. § 9. Having failed to appear, Nolasco has not alleged that any of the statutory bases for vacating the CIAT panel's award exist here. Accordingly, the Court will confirm the award of the CIAT panel and will enter judgment in favor of ACE and against Nolasco in the amount of $2,645,782.93

### C. Post-Judgment Interest

28 U.S.C. § 1961 establishes that ""[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . ." 28 U.S.C. § 1961(a). Post-judgment interest accrues automatically. *See Christian v. Joseph*, 15 F.3d 296, 298 (3d Cir. 1994) (explaining that while 28 U.S.C. § 1961 "does not specifically provide for automatic accrual of post-judgment interest . . . it has been uniformly interpreted to do so . . . ."). Further, 28 U.S.C. § 1961 applies to money judgments entered by federal courts sitting in diversity jurisdiction. *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988) ("The matter is governed by 28 U.S.C. § 1961 notwithstanding that this is a diversity action."); *Geiss v. Target Corp.*, 2015 WL 5227620, at *2 (D.N.J. Sept. 8, 2015) ("Post-judgment interest in federal court is governed by 28 U.S.C. § 1961,

even in matters arising under diversity jurisdiction."). Accordingly, post-judgment interest shall accrue on the $2,645,782.93 awarded to ACE at the federal statutory rate, pursuant to 28 U.S.C. § 1961, from the date of the entry of judgment in this case until the entire judgment is satisfied.[4]

### III. CONCULSION

For the reasons set forth above, the Court will grant ACE's Motion. The Court will confirm the CIAT panel's award and enter judgment in favor of ACE and against Nolasco in the amount of $2,645,782.93, plus post-judgment interest in accordance with 28 U.S.C. § 1961.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 22, 2018          _____/s/_____
                                 WILMA A. LEWIS
                                 Chief Judge

---

[4] 28 U.S.C. § 1961(a) provides, in pertinent part, that post-judgment interest "shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."